## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MOZZO, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  14-5752 |
| PROGRESSIVE INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM

BUCKWALTER, S.J.                                                         January 5, 2015

Currently pending before the Court is Defendant Progressive Insurance Company's

Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following

reasons, the Motion is granted.

## I.      FACTUAL BACKGROUND

On September 9, 2014, Plaintiff Anthony Mozzo initiated the present action against

Defendant Progressive Insurance Company ("Progressive") in the Philadelphia County Court of

Common Pleas.  Defendant removed the case to federal court on October 7, 2014.  The entire

Complaint against Progressive states as follows:

1.      Plaintiff, ANTHONY MOZZO, is an adult individual, residing at the above.

2.      At all times relevant hereto, Defendant, Progressive Insurance Company
(hereafter Progressive) is a corporation or other duly authorized legal entity
operating in the Commonwealth of Pennsylvania, with a business address at
5165 Campus Drive, Suite 100, Plymouth Meeting, PA 19462.

3.      At all times relevant hereto, Plaintiff was insured under an auto policy issued to Anthony Mozzo, policy number 17322059-6 which was in effect on October 10, 2010 and which provided for underinsured motorist benefits.

4.      It is believed and therefore averred that Defendant is in possession of said policy.

5.      On or about October 8, 2010, Plaintiff was injured when struck by an underinsured motorist.

6.      At all relevant times, Defendant has been on notice of Plaintiff's claim for underinsured motorist benefits.

7.      As a result of the communication between the parties, Plaintiff was provided a claim number of 10-4941454.

8.      Pursuant to the policy of insurance with Progressive, Plaintiff was entitled to underinsured motorist benefits for but not limited to: property damage, medical coverage and bodily injury.

9.      Plaintiff has complied with all relevant requests attributable to the investigation of this claim and requests that this claim be covered.

10.     Defendant has arbitrarily and capriciously failed to honor its contractual obligations to plaintiff.

11.     As a result of Defendant's failure to honor its obligations to Plaintiff, Plaintiff has incurred and continues to incur damages.

12.     Defendant has acted in bad faith in failing to honor Plaintiffs' [sic] claim.

WHEREFORE, Plaintiffs [sic] demand judgment against Defendant in excess of $50,000.00 for damages, interest, legal fees and costs of suit as well as all relief this Honorable Court deems just and proper.

(Compl. ¶¶ 1–12 & Wherefore Cl.)

On October 16, 2014, Defendant Progressive moved to dismiss Plaintiff's claims for bad faith and for attorneys' fees, set forth in paragraph twelve and the "Wherefore" clause of the Complaint.  Defendant responded on November12, 2014, making this Motion ripe for judicial

2

consideration.

## II.    STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.  Id.; see also Phillips v. Cnty. of

Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of

complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the

proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right

to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of

review have remained static.  Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008

WL 2779079, at *2 (W.D. Pa. July 15, 2008).  The general rules of pleading still require only a

short and plain statement of the claim showing that the pleader is entitled to relief and need not

contain detailed factual allegations.  Phillips, 515 F.3d at 233.  Further, the court must "accept all

factual allegations in the complaint as true and view them in the light most favorable to the

plaintiff."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the

court must "determine whether, under any reasonable reading of the complaint, the plaintiff may

be entitled to relief."  Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.   DISCUSSION

### A.   Bad Faith Claim

To establish a claim of bad faith under 42 Pa.C.S. § 8371, a plaintiff must establish that

the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly

disregarded its lack of a reasonable basis.  Klinger v. State Farm Mut. Auto. Ins. Co., 115 F. 3d

230, 233 (3d Cir. 1997); Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa.

Super. Ct. 1999).  In the insurance context, bad faith denotes a "frivolous or unfounded" refusal

to pay policy proceeds, which imports a dishonest purpose and a breach of a known duty, such as

good faith and fair dealing.  Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir.

1994) (quotations omitted).  While mere negligence or bad judgment are insufficient, a showing of reckless disregard will suffice to establish bad faith.  3039 B Street Assoc. Inc. v. Lexington Ins. Co., 740 F. Supp. 2d 671, 677 (E.D. Pa. 2010), aff'd, 444 F. App'x 610 (3d Cir. 2011).

Repeatedly, courts have dismissed bad faith claims under Federal Rule of Civil Procedure 12(b)(6) where the complaint set forth "bare-bones" conclusory allegations that did not provide a factual basis for an award of bad faith damages.  For example, in Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133 (3d Cir. 2012), the complaint consisted of "conclusory statements unsupported by facts" that the defendant insurer "breach[ed] covenants of good faith and fair dealing," and "engag[ed] in unfair settlement negotiations."  Id. at 136.  There were no details describing what was unfair about the negotiations.  Id.  Similarly, the plaintiff simply asserted that the defendant "intentionally misrepresent[ed] coverage in the policy," and "misrepresent[ed] facts and its evaluation of Plaintiff's claim," without explaining what those misrepresentations may have been.  Id.  The Third Circuit determined that the complaint, on its face, failed to allege a legally sufficient cause of action for bad faith under § 8371, and affirmed the dismissal under Federal Rule of Civil Procedure 12(b)(6).  Id. at 136–37.

Likewise, in Robbins v. Metro. Life Insurance Company of Connecticut, No. Civ.A.08-0191, 2008 WL 5412087 (E.D. Pa. Dec. 29, 2008), the plaintiff alleged that the defendant insurance company "fail[ed] to objectively and fairly evaluate Plaintiff's claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compell[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiff's claims; and unreasonably withh[eld] policy benefits."  Id. at *8.  The district court granted the defendant's motion for judgment on the pleadings on the plaintiff's bad faith claim because the plaintiff "failed to provide sufficient facts

5

to support these allegations or, more importantly, to suggest that Defendant lacked a reasonable basis for the denial of the benefits." Id.

Similarly, in Atiyeh v. National Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591 (E.D. Pa. 2010), the plaintiff averred that defendant "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis." Id. at 599.  The court found that these averments were "merely conclusory legal statements and not factual averments." Id. Noting that the court need not credit bare legal conclusions and that plaintiff had not "demonstrated, by pleading basic facts, the elements of a claim for bad faith," the court granted the defendant's motion to dismiss that claim.  Id. at 600.

In the present case, Plaintiff's pleading of a bad faith claim is even more bare-boned than in the aforementioned cases.  Plaintiff alleges only that: (1) he has complied with all relevant requests attributable to the investigation of this claim and requests that this claim be covered; (2) Defendant arbitrarily and capriciously failed to honor its contractual obligations; (3) as a result of Defendant's failure to honor its obligations, Plaintiff has incurred and continues to incur damages; and (4) Defendant has acted in bad faith in failing to honor Plaintiff's claim.  (Compl. ¶¶ 9–12.)  Nothing in the Complaint sets forth any facts regarding Defendant's actions, let alone actions from which the Court can infer a bad faith claim.  Given the complete absence of any pleading that even remotely reaches the standards required by Twombly and Iqbal, the Court

6

grants Defendant's Motion to Dismiss the bad faith claim.[1]

**B.        Claim for Attorneys Fees**

In the "Wherefore" clause of the Complaint, Plaintiff "demand[s] judgment against Defendant in excess of $50,000.00 for damages, interest, legal fees and costs of suit as well as all relief this Honorable Court deems just and proper."  (Compl., Wherefore Cl.)  Defendant now contends that, absent a claim for bad faith, all that remains of this matter is a claim for breach of contract for which attorneys' fees are not available.  Thus, Defendant seeks dismissal of this request.

It is well established that attorneys' fees are not available for breach of contract absent express statutory authorization, clear agreement between the parties, or a clear exception.  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252–53 (2010) ("'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule':  Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") (quotations omitted).  Plaintiff's sole response to this argument is a citation to 42 Pa.C.S. § 8371, which states in pertinent part that, "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may . . . (3) [a]ssess court costs and attorney fees against the insurer."  42 Pa. Cons. Stat. § 8371.  Having already dismissed Plaintiff's bad faith claim, however, this statute is inapplicable.

---

[1]  In his Response to the Motion to Dismiss, Plaintiff attaches numerous exhibits.  Aside from the fact that Plaintiff does not even reference them or explain how they support his claim, it is well established that when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court generally considers only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record.  See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993).  Consideration of Plaintiff's exhibits is, therefore, not appropriate in the course of reviewing a Rule 12(b)(6) motion.

Moreover, Plaintiff cites to no authority entitling him to attorneys' fees on his breach of insurance contract action.  Therefore, the Court dismisses this claim as well.

IV.    **CONCLUSION AND LEAVE TO AMEND**

The United States Court of Appeals for the Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility.  Id. at 236.  This opportunity to amend must be offered, even if the plaintiff does not specifically make such a request.  Id. at 235.

Plaintiff, in this case, expressly requests leave to file an amended complaint.  Defendant has not responded with any contentions of bad faith, undue delay, prejudice, or futility, nor can the Court find that any of these grounds for denying leave exist.  Accordingly, the Court will grant Plaintiff twenty days in which to file an amended complaint properly setting forth a factual basis for his bad faith claim against Defendant[2] and re-asserting, in connection with his bad faith claim, a request for attorneys' fees.  Plaintiff's failure or inability to do so will, upon proper motion by Defendants, result in dismissal of any deficient claims with prejudice.

An appropriate Order follows.

---

[2]  Although Plaintiff seeks discovery in connection with his bad faith claim, Plaintiff is not entitled to proceed with such discovery until he sets forth some facts upon which the Court can plausibly infer the existence of a valid cause of action for bad faith.